UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN A. SULLIVAN, | Case No. ED CV 11-1607-PJW |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

## I.  INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying his application for Supplemental Security Income ("SSI").  He claims that the Administrative Law Judge ("ALJ") erred when he: (1) found at step two that Plaintiff did not have a severe medical impairment; and (2) concluded that Plaintiff was not credible.  For the reasons discussed below, the Court finds that the ALJ erred and remands the case to the Agency for an award of benefits.

## II.  SUMMARY OF PROCEEDINGS

In 2008, Plaintiff applied for SSI, claiming that he was disabled due to fibromyalgia, chronic fatigue, severe sleep disturbance,

irritable bowel syndrome, chronic neck and back pain, and depression. (Administrative Record ("AR") 10, 98, 111.)  His application was denied initially and on reconsideration, after which he requested and was granted a hearing before an ALJ.  (AR 20-34, 35-43, 45-48, 51.) Following the hearing in August 2010, the ALJ issued a decision, finding that Plaintiff was not disabled.  (AR 10-14.)  Plaintiff appealed to the Appeals Council, which denied review.  (AR 1-3.)  This appeal followed.

III.  ANALYSIS

A.    The ALJ's Finding that Plaintiff's Fibromyalgia was not a Severe Impairment

Plaintiff's treating rheumatologist E.H. Krick determined that Plaintiff had fibromyalgia and was incapable of working.  (AR 176-81.) Examining orthopedist Bunsri Sophon determined that he did not have anything wrong with him.  (AR 158-62, 217-221.)  The ALJ accepted Dr. Sophon's view and rejected Dr. Krick's, concluding at step two that Plaintiff did not have a severe impairment.  (AR 12-13.)  Plaintiff contends that the ALJ erred in doing so.  For the following reasons, the Court agrees.

Generally speaking, a treating doctor's opinion is entitled to deference.  *Orn v. Astrue,* 495 F.3d 625, 631 (9th Cir. 2007); *see also Morgan v. Comm'r*, 169 F.3d 595, 600 (9th Cir. 1999) (explaining that treating physician's opinion "is given deference because 'he is employed to cure and has a greater opportunity to know and observe the patient as an individual.'") (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987)).  Thus, all things being equal, a treating doctor's opinion regarding a claimant's condition should be given controlling weight.  *Orn*, 495 F.3d at 631; *Embrey v. Bowen*, 849 F.2d

2

418, 421 (9th Cir. 1988).  That being said, however, an ALJ is not required to simply accept a treating doctor's opinion.  Where, as here, the opinion is contradicted by another doctor's opinion, the ALJ is empowered to reject the treating doctor's opinion for specific and legitimate reasons supported by substantial evidence in the record. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (quoting *Magallanes v. Bowen* 881 F.2d 747, 751 (9th Cir. 1989)); *Morgan*, 169 F.3d at 600.

The ALJ rejected Dr. Krick's finding that Plaintiff had fibromyalgia because it was "completely unsupported by objective medical, clinical, radiographic, or laboratory findings or results." (AR 13.)  This was error.  Fibromyalgia is a unique affliction; its cause is unknown and its diagnosis is based entirely on the patient's reported pain and other symptoms.  *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004).  There are no laboratory tests to confirm the diagnosis.  *Id.* at 590.  As such, an ALJ errs when he relies on a lack of objective evidence to reject a treating doctor's opinion that a claimant suffers from fibromyalgia.  *Id.* at 593-94.

The ALJ's error was magnified here because Dr. Krick is a rheumatologist, the relevant specialty for fibromyalgia, and his opinion should have been given priority over the opinion of examining doctor Sophon, who is an orthopedist.  *Id.* at 594 n.4.  As the Ninth Circuit explained in *Benecke*:

> Each rheumatologist's opinion is given greater weight than those of the other physicians because it is an "opinion of a specialist about medical issues related to his or her area of specialty."  20 C.F.R. § 404.1527(d)(5).  Rheumatology is the relevant specialty for fibromyalgia.  *See Jordan* [*v.*

3

1  *Northrup Grumman Corp.*, 370 F.3d 869, 873 (9th Cir. 2004)].
2  Specialized knowledge may be particularly important with
3  respect to a disease such as fibromyalgia that is poorly
4  understood within much of the medical community. *See, e.g.*,
5  *id.* at 872; *Sarchet v. Chater*, 78 F.3d 305, 306 (7th Cir.
6  1996) (describing fibromyalgia as an "elusive and
7  mysterious" disease).
8  *Id.*

9      The ALJ erred when he rejected the treating rheumatologist's
10 opinion that Plaintiff had fibromyalgia because there were no
11 objective signs and relied, instead, on the examining orthopedist's
12 opinion.  As a result, remand is required.[1]

13 B.   The ALJ's Credibility Finding

14     Plaintiff contends that the ALJ rejected his testimony but failed
15 to set forth specific reasons for doing so.  (Joint Stip. at 19.)  It
16 is not clear what the Agency's position is.  Either it believes that
17 the ALJ was not required to assess Plaintiff's credibility because in
18 its view Plaintiff never established a medically determinable
19 impairment or that the ALJ addressed Plaintiff's credibility and
20 properly determined that he was not credible.  (Joint Stip. at 22-24.)
21 The Agency's confusion is understandable.  This is the rare case in

22

23     [1]  The Agency has implemented guidelines to assist ALJs in
   addressing fibromyalgia.  *See* Social Security Ruling ("SSR") 99-2p.
24 Under SSR 99-2p, the ALJ was required to consider the fact that Dr.
   Krick ruled out alternative causes of Plaintiff's illness (such as
25 celiac disease, pancreatic insufficiency, arthritis, and other joint
   abnormalities).  (AR 266-79, 286.)  He should have also taken into
26 account the fact that Dr. Krick and Dr. Jackie Lam, Plaintiff's other
   treating physician, documented multiple tender points on Plaintiff's
27 body (AR 229, 252), findings which, under SSR 99-2p, constitute a sign
28 establishing the existence of a medically determinable impairment.

1    which the ALJ simply failed to discuss the Plaintiff's testimony at
2    all.  The Court construes this failure in Plaintiff's favor and
3    concludes that the ALJ accepted his testimony.  As such, Plaintiff's
4    testimony regarding his condition will be credited as true.

5    C.   Remand for an Award of Benefits is Warranted

6         Because the ALJ failed to provide legally sufficient reasons for
7    rejecting Dr. Krick's opinion, the Court credits that opinion as true.
8    *See Benecke*, 379 F.3d at 594.  Further, because the ALJ did not reject
9    Plaintiff's testimony, the Court credits that testimony as true, also.
10   *Id*.  The issue that remains is whether the case should be remanded for
11   an award of benefits or for further administrative proceedings.  For
12   the reasons explained below, the Court finds that remand for an award
13   of benefits is appropriate.

14        Generally speaking, where, as here, the Court finds that an
15   agency erred in administrative proceedings, the proper course is to
16   remand the case to the agency for further proceedings to allow the
17   agency to correct its errors.  *See I.N.S. v. Ventura*, 537 U.S. 12, 16
18   (2002).  The case at bar, however, is one of those rare cases that
19   remand for benefits is appropriate.  There is no additional
20   factfinding necessary to resolve this case.  Plaintiff's testimony
21   establishes that he suffers from debilitating pain and serious
22   physical limitations.  (AR 22-32; 128-35.)  Dr. Krick's opinion
23   establishes that the cause of these symptoms is fibromyalgia.  (AR
24   176-81.)  According to Dr. Krick, Plaintiff's condition would
25   frequently interfere with his ability to maintain attention and
26   concentration at work.  (AR 178.)  It would also require him to stop
27   working every 20-25 minutes and lie down and rest for 15-20 minutes.
28   (AR 179.)  Further, in Dr. Krick's view, Plaintiff would miss more

than four days of work each month.  (AR 181.)  The vocational expert
testified that Plaintiff could not work if he was "off task" 20% of
the time.  (AR 33.)  Taken together, this evidence leads to only one
possible conclusion: Plaintiff is not capable of sustaining
employment.  As such, he is entitled to an award of benefits.
*Benecke*, 379 F.3d at 596 ("Because the evidence establishes that
Benecke would be unable to maintain employment while managing her pain
and fatigue, remand for further administrative proceedings serves no
useful purpose and is unwarranted.").

IT IS SO ORDERED.

DATED: September 7, 2012.

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE